**CONTINENTAL CHARTERING AND BROKERAGE, INC., Plaintiff,**

**v.**

**T.J. STEVENSON AND CO., INC., Defendant.**

**No. 87 Civ. 6776 (KTD).**

United States District Court, S.D. New York.

Oct. 26, 1987.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiff; Douglas R. Burnett, of counsel.

Nourse & Bowles, New York City, for defendant; Armand M. Pare, Jr., of counsel.

## MEMORANDUM

KEVIN THOMAS DUFFY, District Judge.

On October 9, 1987, this court granted plaintiff Continental Chartering and Bro-kerage, Inc.'s, ("Continental's"), *ex parte* motion for an Order of Attachment of defendant T.J. Stevenson and Co.'s, ("Stevenson's"), property located in New York State. Pursuant to New York Civ.Prac.L. & R. 6211(b) (McKinney 1980 and Supp. 1987), on October 13, 1987 this court held a hearing to confirm the Order of Attachment. I subsequently issued an Order vacating the Order of Attachment and stating that an exposition of the reasons for vacating the Order would follow. This constitutes that memorandum of reasoning.

### FACTS

Continental is a Hong Kong corporation maintaining an office in New York. Stevenson is a domestic corporation maintaining an office in New York. On July 9, 1987, Stevenson chartered the motor vessel TEPOZTLUN from Continental. The ship completed performance under the charter party. Upon conclusion of the charter, Continental claimed that Stevenson owed it $68,941.56 in unpaid hire. Complaint Exh. B. Stevenson contests this amount.

On September 8, 1987, Continental commenced New York arbitration, as provided by the charter, by appointing an arbitrator. On September 24, 1987, Continental served and filed this lawsuit, asserting federal admiralty jurisdiction, seeking a judgment for the allegedly unpaid hire. On October 9, 1987, Continental was granted an *ex parte* Order of Attachment in aid of arbitration by this court, pursuant to New York Civ. Prac.L. & R. 7502(c) (McKinney Supp.1987) and Fed.R.Civ.P. 64. The application for the Order claimed that Stevenson owed $56,219.14 in unpaid hire, about $13,000 less than the amount claimed due and owing in Continental's complaint. A New York bank account in Stevenson's name was found and attached.

Continental argues that the attachment is available to it "upon the ground that the award to which [Continental] may be entitled may be rendered ineffectual without such provisional relief." CPLR 7502(c). Continental alleges that Stevenson is in financial difficulty, is laying off employees,

and is winding down its operations. Continental argues that these allegations satisfy the requirement of CPLR 7502(c), because the situation may render ineffectual the award against Stevenson to which it may be entitled.

Stevenson argues that CPLR 6201, not 7502(c), governs the attachment sought by Continental, and that Continental has not satisfied the requirements of CPLR 6201. At the hearing on October 13, 1987, both parties agreed that CPLR 6201(3) is the only subsection of that statute that potentially applies to the situation at issue. CPLR 6201(3) provides that:

> [a]n order of attachment may be granted in any action ... where the plaintiff has demanded and would be entitled ... to a money judgment against [the] defendant[ ], when ... the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts.

New York Civ.Prac.L. & R. 6201(3) (McKinney 1980). Stevenson further argues that the attachment sought by Continental is barred by the United Nations Convention on Recognition and Enforcement of Arbitration Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (*effective for United States* Dec. 29, 1970) (the "UN Convention").

## DISCUSSION

■ Continental commenced New York arbitration proceedings to recover the allegedly unpaid hire prior to instituting this cause of action under the federal admiralty jurisdiction statute, 28 U.S.C. § 1333 (1985). Continental is thereby precluded from seeking an Order of Attachment pursuant to federal admiralty proceedings and 9 U.S.C. § 8 (1985). The only attachment available at this point is an attachment in aid of arbitration. The extraordinary provisional admiralty remedies of attachment and arrest of a ship are available in cases where the jurisdiction of an admiralty court is called into play. There, the judge has control over the proceedings and the timing of the proceedings so as to prevent any

abuse of these extraordinary provisional remedies. Where there is an arbitration, on the other hand, the court has little power over the proceedings or the timing of the proceedings. Although many seem to think that arbitration is most expeditious, this judge is aware of too many cases where the proceedings are permitted to languish almost interminably. Attachment in those cases is truly economic coercion. Those who choose arbitration know that their relief is civil and not in admiralty. This does not mean that they are without relief—it just means that they must be treated as any other litigant without the benefits of special admiralty proceedings. Having chosen to arbitrate here, plaintiff is restricted to attachment in aid of arbitration.

■ New York law provides for attachments in aid of arbitration in CPLR 7502(c). I read that statute to include in it the requirements of CPLR 6201, which defines the grounds for which attachments are available generally. If the requirements of CPLR 6201 are not read into attachments in aid of arbitration under CPLR 7502(c), those attachments potentially violate the due process clause of the Fourteenth Amendment. As set out above the only test explicitly made part of CPLR 7502(c) is whether an award of money "may be rendered ineffectual" without the attachment. If this showing were all that was required from the plaintiff for the extraordinary relief of attachment, then CPLR 7502(c) would be defective for vagueness. Such a showing would allow practically everyone going to arbitration to attach the goods and chattels of his opponent, creating economic chaos. For these reasons I am convinced that CPLR 7502(c) can be permitted to stand only if one incorporates CPLR 6201 therein by reference.

■ The parties agree that the only subsection of CPLR 6201 applicable to the situation at bar is subsection (3). Therefore, the requirements of an attachment obtainable under CPLR 6201(3) must be read into the attachment in aid of arbitration that Continental obtained, and now seeks to confirm, under CPLR 7502(c). In order to confirm the Order of Attachment at issue, Continental must prove that Ste-

venson, with intent to defraud its creditors or frustrate the enforcement of an award that might be determined in Continental's favor, has already or is about to, assign, dispose of, encumber, or secrete property, or remove it from the state. Continental has not alleged or proved either Stevenson's intent to defraud or that is has already or is about to assign, dispose of, encumber, secrete, or remove its property. Continental's allegations that Stevenson is in financial difficulty, is laying off employees, and is winding down its operations, even if true, do not satisfy the requirements of CPLR 6201(3) to support the Order of Attachment.

For the foregoing reasons, the Order of Attachment previously entered in this action must be vacated. Because the Order of Attachment must be vacated pursuant to CPLR 6201(3) and 7502(c), I need not consider Stevenson's argument that the Attachment is barred by the UN Convention.

SO ORDERED.